LEON ALPERT and HYMAN WEINSTEIN, Individually and as Members of a Liquidating Committee, and LEON ALPERT, Individually and as a Creditor of B. B. MANUFACTURING Co., INC., Suing on His Own Behalf and on Behalf of All Other Creditors of Said B. B. MANUFACTURING Co., INC., Similarly Situated and Who May Desire to Join in This Action and Contribute to the Expenses Thereof, Respondents, v. B. B. MANUFACTURING Co., INC., and ELIAS KARMON, Appellants, and HYMAN SALMONSON, Defendant.— In an action for an accounting brought by the plaintiffs, as a liquidating committee, against the corporate defendant and its single stockholder and president, the plaintiffs have been granted an interlocutary judgment directing an accounting. Interlocutory judgment unanimously affirmed, with costs. No opinion. The findings of fact are modified by striking out findings XXXVII to XXXIX, as having no place in this branch of the action. The matters therein referred to are properly a part of the accounting branch of the action. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

FLOMONA BARACCA, Respondent, v. THE LETON OPERATING CORPORATION, Appellant.— In an action instituted originally in the County Court of Dutchess County, upon a cause of action which plaintiff, in effect, now contends was one in ejectment, the learned Special Term of the Supreme Court, Dutchess county, acting purportedly pursuant to section 110 of the Civil Practice Act, entered an order, upon plaintiff's motion, removing the cause to the Supreme Court of New York for trial in the county of Dutchess, and directing that all proceedings after the joinder of issue in the County Court be and they were thereby declared to be a nullity and all further proceedings in that court enjoined. The order contained another provision denying plaintiff's application for leave to serve an amended complaint, with leave to renew. From that order defendant appeals. Order reversed on the law, with ten dollars costs and disbursements, and motion for an order removing the cause to the Supreme Court, Dutchess county, and for leave to serve an amended complaint denied, with ten dollars costs. In our opinion, the amended complaint sets forth a cause of action within the purview of Civil Practice Act, section 67, subdivision 1, to procure a judgment requiring specific performance of a contract relating to real property, and not one in ejectment, of which the County Court would have no jurisdiction. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

CHARLES D. BECKWITH, Appellant, v. MAY A. BECKWITH, Individually, Respondent, and MAY A. BECKWITH, as Executrix, etc., of CLARENCE A. BECKWITH, Deceased, Defendant.— Order granting motion of the respondent May A. Beckwith, individually, to change the place of trial from the county of Westchester to Schenectady county, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.